UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH HOPKINS,

    Plaintiff,

v.                                        Case No.: 2:23-cv-958-SPC-NPM

SPEEDIE RECOVERY OF
SOUTH FLORIDA,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Keith Hopkins' pro se Motion for Default Judgment. (Doc. 12). Defendant Speedie Recovery of South Florida has not responded, and the time to do so has ended.

Hopkins sues Defendant Speedie Recovery for violating the Florida Constitution, a Florida criminal statute (Fla. Stat. § 836.05), and the Fair Debt Collection Practices Act, because it wrongfully repossessed his car. (Doc. 2).[1] According to Hopkins, Speedie Recovery entered his private property, without

---

[1] Hopkins filed the template Complaint for Violation of Civil Rights (Non-Prisoner Complaint) pursuant to 42 U.S.C. § 1983. (Doc. 2). Because he asserts no § 1983 claim, the Court liberally construes the pleading as a regular complaint. Besides, a § 1983 claim would fail because Speedy Recovery does not seem to have acted under color of law. *See Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir. 1995) ("To have a cause of action pursuant to § 1983, the plaintiff must allege that a person deprived her of a federal or constitutional right and that the person was acting under color of law.").

notice or consent, and "stole" his car even though he "has no contract" and there were no liens on the vehicle. (Doc. 2).

Hopkins served Speedie Recovery about seven months ago. (Doc. 9). But because Speedie Recovery has not responded to the Amended Complaint or otherwise appeared, a clerk's default was entered against it. (Doc. 11). Hopkins now seeks default judgment on his claims. (Doc. 12).

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). "Because of our strong policy of determining cases on their merits, however, default judgments are generally disfavored." *Id.* at 1244-45.[2] Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

A sufficient basis needs enough alleged facts to survive a motion to dismiss for failure to state a claim. *Id.* When evaluating the sufficiency of facts, a court looks to whether the complaint has enough factual matter that, when accepted as true, states a claim for relief plausible on its face. *Id.* A defaulted defendant admits any well-pleaded allegation of fact "other than one relating to the amount of damages." Fed. R. Civ. P. 8(b)(6).

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Even accepting as true the facts alleged in the Amended Complaint, it states no plausible claim for relief. To start, Hopkins claims Speedie Recovery violated Florida Constitution Article X, section 6. This is Florida's version of the "Takings Clause," which "prohibits *the government* from taking private property for a public use without paying for it." *Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 949 (11th Cir. 2018) (emphasis added). Speedie Recovery is not the government, so this constitutional provision does not apply.

Next is Hopkins' claim that Speedie Recovery violated Fla. Stat. § 836.05. But this is a criminal extortion statute with no private right of action. *See Featherstone v. AT&T*, No. 3:17-CV-837-MCR-HTC, 2019 WL 5460198, at *3 (N.D. Fla. Sept. 24, 2019), *report and recommendation adopted*, 2019 WL 5457997 (Oct. 24, 2019) ("Florida Statute § 836.05 is a criminal extortion statute and does not create a private cause of action for damages."); *Harris v. Jan*, No. 2:18-CV-383-FTM-29MRM, 2018 WL 4898831, at *2 (M.D. Fla. Oct. 9, 2018) ("[T]here is no recognized private right of action for extortion in Florida and specifically under Fla. Stat. § 836.05."). So this claim too fails.

All that remains is the FDCPA claim. "To state a claim under the FDCPA, a plaintiff must plead (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Bohringer v. Bayview Loan Servicing, LLC*, 141

- 3 -

F. Supp. 3d 1229, 1235 (S.D. Fla. 2015). Hopkins never alleges he was the object of collection activity arising from consumer debt. Just the opposite—his allegations suggest the absence of any consumer debt.

The FDCPA defines "debt" as any obligation to pay money "arising out of a transaction." 15 U.S.C. 1692a(5). "[A]t a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation." *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 838 (11th Cir. 2010). Here, the Amended Complaint says nothing about Hopkins' car being tied to any debt through a transaction for credit or otherwise. Rather, it says Hopkins never entered a contract and there were no liens on his vehicle. (Doc. 2 at 4). As best the Court can tell, Hopkins believes Speedie Recovery arbitrarily stole his vehicle rather than taking it to obtain payment on a purported debt. With no debt, Speedie Recovery's alleged actions fall outside the FDCPA.

For the same reason, it is unclear whether Speedie Recovery is a "debt collector" under the FDCPA or a just company that plunders cars. And the Amended Complaint does not allege any clarifying facts. So the Amended complaint states no plausible FDCPA claim.

There are also issues with the damages claimed. For instance, Hopkins requests damages of $250,000 without explaining the basis of this figure. And he seeks $52,000 for "consulting/legal fees." But a pro se party is not entitled

to attorney's fees.  *See Medrando v. CTX Mortg. Co., LLC*, No. 6:12-CV-704-ORL-37, 2012 WL 2931293, at \*5 (M.D. Fla. July 18, 2012) (collecting cases).

Accordingly, it is

**ORDERED:**

1. Plaintiff Keith Hopkins' pro se Motion for Default Judgment (Doc. 12). is **DENIED.**

2. The Amended Complaint (Doc. 2) is **DISMISSED with leave to amend** in order to state a plausible claim for relief.

3. On or before **June 3, 2024**, Hopkins may file a second amended complaint.  **A failure to do so may result in the Court closing this case without further notice.**

4. On or before **July 30, 2024**, Hopkins must file proof of service of the second amended complaint or an executed waiver of service.

**DONE and ORDERED** in Fort Myers, Florida on June 11, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:    All parties of record